# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS

**Cheryl N. Willoughby**                                                                 **PLAINTIFF**

**v.**                            **No. 4:15-CV–634-JLH-JTR**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                                  **DEFENDANT**

## Instructions for Recommended Disposition

The following recommended disposition was prepared for U.S. District Judge J. Leon Holmes.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Holmes may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Recommended Disposition**

Cheryl N. Willoughby seeks judicial review of the denial of her application for disability insurance benefits (DIB).[3] Willoughby last worked in May 2010, as a gas well operator.[4] Before that job, she worked for many years, driving eighteen-wheeler trucks. In September 2012, she applied for DIB and alleged disability beginning June 2010. She based disability on back pain, scoliosis, migraine headaches, diabetes, and hypothyroidism.[5]

**The Commissioner's decision**. The ALJ determined identified back pain, diabetes mellitus, and migraine headaches as severe impairments.[6] The ALJ determined the impairments limit Willoughby to sedentary work.[7] After questioning a vocational expert, the ALJ determined that skills learned as a truck driver transferred to other work, identified sedentary jobs using those skills, and denied the application.[8]

---

[3]SSA record at p. 148 (applying on Sept. 17, 2012 and alleging disability beginning Aug. 26, 2011) & p. 155 (amending onset date to June 1, 2010).

[4]*Id*. at pp. 189 & 195.

[5]*Id*. at p. 188.

[6]*Id*. at p. 14.

[7]*Id*. at p. 16.

[8]*Id*. at pp. 19-21.

After the Commissioner's Appeals Council denied a request for review,[9] the decision became a final decision for the purpose of judicial review.[10] Willoughby filed this case to challenge the decision.[11] This recommendation explains why the court should affirm the decision.

**Willoughby's allegations**. Willoughby contends this case must be remanded because the determination that she had transferable skills is unsupported and overbroad. She suggests medication side effects prevent her from working. She maintains substantial evidence does not support the decision.[12]

**Applicable legal principles**. The court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[13] Substantial

---

[9]*Id*. at p. 1.

[10]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[11]Docket entry # 1.

[12]Docket entry # 9.

[13]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

evidence exists if a reasonable mind will accept the evidence as adequate to show Willoughby can do sedentary work and work exists that she can do.[14] A reasonable mind will accept the evidence as adequate for the following reasons:

**1. The record establishes no serious functional limitation**. Sedentary work "represents a significantly restricted range of work. Individuals who are limited to no more than sedentary work by their medical impairments have very serious functional limitations."[15] Medical evidence showed that Willoughby was treated for hypothyroidism, diabetes, and migraine headaches,[16] but documented no functional limitation. Medical experts limited Willoughby to light work,[17] but the ALJ reduced light work to sedentary work based on diagnostic imaging showing curvature and degenerative changes in the lumbar spine.[18]

---

[14]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'").

[15]SSR 96-9p, *Pol'y Interpretation Ruling Titles II & XVI: Determining Capability to Do Other Work--Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work*.

[16]SSA record at p. 255 (showing treatment for hypothyroidism since at least Dec. 15, 2009) & pp. 293-94 (diagnosing diabetes on Oct. 3, 2011) & p. 366 (diagnosing migraines on Jan. 10, 2013).

[17]*Id*. at pp. 87, 89 & 100-02.

[18]*Id*. at pp. 269-70.

Physical exercise was a consistent theme of medical recommendations.[19] Medical recommendations for physical exercise contradicted Willoughby's claim that she couldn't do sedentary work, because sedentary work requires little physical exertion.[20] On judicial review, she relies on medication side effects, but her doctor changed medication when she complained about side effects.[21] A reasonable mind will accept the evidence as adequate to show Willoughby can do sedentary work.

**2. Vocational evidence supports the decision**. A vocational expert classified Willoughby's past work as "truck driver" (semi-skilled medium work) and "work in the gas field" (semi-skilled heavy work).[22] This work exceeds sedentary work. When asked about transferable skills, the vocational expert identified skills used as a truck driver: proficiency using maps and similar state highway systems, scheduling for loading and offloading in different time zones, and maintaining logs and records.[23]

---

[19]*Id*. at p. 297 (Sept. 27, 2011), p. 286 (Jan. 20, 2012), p. 282 (May 17, 2012), p. 308 (Sept. 17, 2012), p. 344 (Oct. 4, 2012), p. 381 (June 3, 2013) & p. 386 (June 3, 2014).

[20]*Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013) ("In the absence of other evidence in the record, a physician's unrestricted recommendations to increase physical exercise are inconsistent with a claim of physical limitations.").

[21]SSA record at pp. 388-89.

[22]*Id*. at p. 55.

[23]*Id*. at p. 56.

According to the expert, these skills transfer to available sedentary jobs: maintenance dispatchers and repair service clerks. This testimony formed the primary basis for determining Willoughby had transferable skills.

Willoughby characterizes the determination as unsupported,[24] but the regulations provide for vocational expert testimony in determining whether a claimant has transferable work skills.[25] Vocational evidence supported the determination.

Willoughby characterizes the vocational evidence as over-broad. Although the Eighth Circuit has cautioned ALJs about relying on "broad generic, occupational classification[s]" in determining whether a claimant has transferable skills,[26] the vocational expert relied on more: Willoughby's description of her past work,[27] cross-examination testimony,[28] and the job descriptions from Dictionary of Occupational

---

[24]This claim is important to Willoughby's case because a claimant age 55 or older, who is limited to sedentary work and lacks transferrable skills, is considered disabled under the Commissioner's regulations. 20 C.F.R. § 404.1568(d)(4). Willoughly hadn't reached age 55 by the time of the decision, but she would be older than age 55 if the case was remanded.

[25]20 C.F.R. § 404.1566(e).

[26]*Evans v. Shalala*, 21 F.3d 832, 834 (8th Cir. 1994).

[27]SSA record at pp. 29-32 & 195-98.

[28]*Id*. at pp. 57-60.

Titles (DOT).[29] The classification of past work in the gas fields as heavy construction work, versus medium work per the DOT as a pump operations worker, evidenced the consideration of more than broad, generic occupational classifications.[30] Because work existed that Willoughby could do, the ALJ properly determined that she was not disabled.[31]

---

[29]The DOT job descriptions follow:

CODE: 221.367-070. SERVICE CLERK (clerical) alternate titles: repair-service clerk; service-order dispatcher. Receives, records, and distributes work orders to service crews upon customers' requests for service on articles or utilities purchased from wholesale or retail establishment or utility company: Records information, such as name, address, article to be repaired, or service to be rendered. Prepares work order and distributes to service crew. Schedules service call and dispatches service crew. Calls or writes customer to ensure satisfactory performance of service. Keeps record of service calls and work orders. May dispatch orders and relay messages and special instructions to mobile crews and other departments, using radio-telephone equipment.

CODE: 239.367-014. DISPATCHER, MAINTENANCE SERVICE (clerical) alternate titles: dispatcher; maintenance clerk. Receives telephone and written orders from plant departments for maintenance service, such as repair work, machine adjustments, and renewals or installation of other plant property, and relays requests to appropriate maintenance division. Keeps record of requests and services rendered. Requisitions supplies for maintenance and clerical workers.

[30]SSA record at p. 55.

[31]42 U.S.C. § 1382c(a)(3)(B).

**Conclusion and Recommended Disposition**

Substantial evidence supports the ALJ's decision because a reasonable mind will accept the evidence as adequate to support the decision. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends DENYING Willoughby's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 23rd day of June, 2016.

_____
UNITED STATES MAGISTRATE JUDGE